IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**NASTASHA HOWE,**

    **Plaintiff,**

v.                                       Case No. 3:23-cv-00237

**KENT BRYSON,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and a Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to

correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. Kent Bryson, a Cabell County Prosecutor, covered up malfeasance by Child Protective Services ("CPS") related to Plaintiff's children and then later assisted CPS in committing crimes.

2. Mr. Bryson knows he did wrong and Plaintiff has been paying for it.

3. Mr. Bryson went against Plaintiff and used his power to cloud the mind of a judge.

4. Mr. Bryson used Plaintiff's disability and her status as a crime victim against her.

(ECF No. 2 at 4). Plaintiff seeks support with therapy, help moving away from the State of West Virginia, and damages for "pain and suffering" in the total amount of $100,000. (*Id.* at 4). As written, Plaintiff's complaint fails to state a claim for which relief may be granted.

Therefore, in order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend her complaint within **thirty (30) days** of the date of this Order and cure the various problems in the pleading as indicated below:

1. Plaintiff sues Bryson for activities he apparently engaged in as a prosecutor. The law is well settled that a prosecutor is afforded absolute immunity from civil liability for actions taken as an officer of the court within the scope of his prosecutorial duties. *Van De Kamp v. Goldstein,* 555 U.S. 335, 340-41 (2009). This immunity applies to conduct in furtherance of a variety of advocacy functions; including, initiating prosecution, presenting the State's case, participating in courtroom hearings and plea negotiations, evaluating evidence and witnesses, and making professional judgments "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S.

409, 416 (1976). When performing his official functions, a prosecutor is afforded immunity even if he "acted with an improper state of mind or improper motive." *Schmueli v. City of New York,* 424 F.3d 231, 237 (2nd Cir. 2005). The only exception to absolute prosecutorial immunity is that administrative and investigatory actions, which are not connected with the judicial phase of the criminal process, are entitled only to qualified immunity. *Van De Kamp,* 555 U.S. at 342-43.

In view of the law, Plaintiff can only assert claims against Mr. Bryson if they do not arise from his actions taken with the scope of his prosecutorial duties. Because the allegations in the complaint are lacking in factual support, Plaintiff must amend her complaint to include facts showing that her claims against Mr. Bryson fall outside of the conduct that is entitled to absolute prosecutorial immunity.

2. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Plaintiff's complaint contains very little facts. Instead, Plaintiff simply states conclusions. For example, that Mr. Bryson helped CPS commit crimes; that he knew he did wrong; that he used his power to cloud a judge. None of these statements are facts. Therefore, Plaintiff must amend her complaint and set forth factual allegations that state: what happened, when it happened, who was involved, what was done, what was said, and what was the result.

3. The complaint fails to describe any injury or how the actions of Mr. Bryson caused injury. The complaint must be amended to add that information.

If Plaintiff decides that she does not wish to pursue this case and would like to dismiss it, she shall notify the Court by sending a motion for voluntary dismissal to the Clerk.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim compensable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is reminded of her obligation under the local rules of this Court to notify the Clerk of any change in address or contact information.**

The Clerk is instructed to provide a copy of this order to Plaintiff.

ENTERED: March 29, 2023

Cheryl A. Eifert
United States Magistrate Judge

4