IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**NATASHA HOWE,**

   **Plaintiff,**

v.              Case No. 3:23-cv-00237

**KENT BRYSON,**

   **Defendant.**

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

On March 27, 2023, Plaintiff Natasha Howe, proceeding *pro se*, filed a complaint against the defendant under 42 U.S.C. § 1983. (ECF No. 2.). Currently pending are an initial screening of the Complaint pursuant to 28 U.S.C. § 1915 and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the allegations of the complaint, the undersigned **FINDS** that the complaint fails to state a plausible claim and, in any event, the defendant is immune from liability. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge accept the proposed findings; **DISMISS** the complaint, (ECF No. 2); and **REMOVE** this matter from the docket of the Court. In light of the recommendation for dismissal, the undersigned further **RECOMMENDS** that Plaintiff's Application for Prepayment of Fees and Costs be

**DENIED**, as moot. (ECF No. 1).

I. <u>**Relevant Procedural History**</u>

As stated, Plaintiff filed her complaint on March 27, 2023. Plaintiff alleged the following:

1. Kent Bryson, a Cabell County Prosecutor, covered up malfeasance by Child Protective Services ("CPS") related to Plaintiff's children and then later assisted CPS in committing crimes.

2. Mr. Bryson knows he did wrong and Plaintiff has been paying for it.

3. Mr. Bryson went against Plaintiff and used his power to cloud the mind of a judge.

4. Mr. Bryson used Plaintiff's disability and her status as a crime victim against her.

(ECF No. 2 at 4). For relief, Plaintiff requested support with therapy, help moving away from the State of West Virginia, and damages for "pain and suffering" in the total amount of $100,000. (*Id.* at 4). As written, Plaintiff's complaint failed to state a claim for which relief could be granted.

Therefore, the undersigned entered a Memorandum Opinion and Order on March 29, 2023, explaining to Plaintiff how her complaint was deficient and providing her with an opportunity to amend the complaint in order to correct the defects. (ECF No. 5) (citing *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978)). Plaintiff was given thirty days to submit an amended complaint. (*Id.*). She was also notified that the failure to amend the complaint as ordered would result in a recommendation that the complaint be dismissed for failure to state a claim compensable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. According to the docket, Plaintiff received the Memorandum Opinion and Order. More than thirty days have elapsed since the Order was entered; however, Plaintiff has not amended her complaint.

## II.     Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

3

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Discussion

Plaintiff's complaint is filed pursuant to 42 U.S.C. § 1983, which provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal markings omitted). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 171-172 (1961), *overruled on other grounds by* 436 U.S. 658.

In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person deprived him or her of a federally protected civil right, privilege or immunity and (2) that the person did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for

4

relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50.

In this case, Plaintiff asserts claims against a Cabell County prosecutor. Although the factual allegations provided by Plaintiff are admittedly sparse, they appear to arise from legal proceedings involving CPS and Plaintiff's children. Therefore, the undersigned **FINDS** that the defendant is entitled to absolute immunity from suit for any action he took in his role as a prosecutor and must be summarily dismissed from this action. The undersigned further **FINDS** that, to the extent Plaintiff asserts claims against the defendant for actions taken outside of his prosecutorial role, Plaintiff's complaint is so lacking in factual support that it fails to state a claim sufficient to withstand initial screening.

The law is well settled that a prosecutor is afforded absolute immunity from civil liability for actions taken as an officer of the court within the scope of his prosecutorial duties. *Van De Kamp v. Goldstein,* 555 U.S. 335, 340-41 (2009). This immunity applies to conduct in furtherance of a variety of advocacy functions; including, initiating prosecution, presenting the State's case, participating in courtroom hearings and plea negotiations, evaluating evidence and witnesses, making professional judgments, and taking actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 416 (1976). When performing his official functions, a prosecutor is afforded immunity even if he "acted with an improper state of mind or improper motive." *Schmueli v. City of New York,* 424 F.3d 231, 237 (2d Cir. 2005). The

only activities taken by a prosecutor that are not entitled to absolute prosecutorial immunity are administrative and investigatory actions that are not connected with the judicial phase of the criminal process. *Van De Kamp,* 555 U.S. at 342-43.

In *Imbler v. Pachtman*, a § 1983 plaintiff asserted that a prosecutor intentionally, and at other times negligently, allowed a witness to give false testimony, and prosecuted the plaintiff knowing that he was "cleared" by a lie detector test. *Imbler,* 424 U.S. at 416. The Supreme Court affirmed the lower court's decision that the prosecutor was given absolute immunity in such circumstance. *Id.* at 431. Although acknowledging that absolute immunity might leave "the genuinely wronged defendant without civil redress," the Supreme Court concluded that policy considerations guided its decision. *Id.* at 428. The Supreme Court reasoned that, much like the concept of judicial immunity, the threat of § 1983 suits for actions taken in initiating and pursuing a criminal prosecution would undermine the performance of the prosecutor's duties in enforcing the criminal law, which would ultimately harm the citizens. *Id.* at 427-28. Moreover, the Supreme Court pointed out that extending absolute immunity to prosecutors did not foreclose *all* avenues of redress to a truly aggrieved individual. Indeed, a "prosecutor's possible knowledge of a witness' falsehoods" was a typical issue addressed in actions for post-trial relief. *Id.* at 425. As noted by the Supreme Court, various post-trial procedures are available to determine if a person received a fair trial, such as the remedial powers of the trial judge, appellate review, and state and federal post-conviction collateral remedies. *Id.* at 427. Furthermore, despite their civil immunity, prosecutors are not beyond the reach of criminal law and are subject to professional discipline by an association of their peers should they violate the law or the ethical standards of their profession. *Id.* at 429.

There is nothing apparent in the record to indicate that Plaintiff's claims arise from actions taken by the defendant in an administrate or investigatory role not protected by absolute prosecutorial immunity. To the contrary, Plaintiff mentions the defendant using his "power" to cloud the mind of a judge. (ECF No. 2 at 4). Therefore, in the absence of a claim that the defendant violated Plaintiff's rights while performing a non-prosecutorial function, the undersigned **FINDS** that the defendant is entitled to absolute immunity from Plaintiff's claim for damages.

To the extent that Plaintiff intended to complain about actions taken by the defendant outside of his role as a prosecutor, her complaint must be dismissed for failure to state a claim. Plaintiff's complaint is virtually devoid of factual allegations. Indeed, the only allegations that may be considered "facts" in the complaint are that Plaintiff has children and has had contacts with CPS, defendant, and a judge. The remaining allegations in the complaint are merely conclusory statements that "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft,* 556 U.S. at 679. The undersigned **FINDS** that conclusory statements are simply insufficient to state a plausible complaint. Therefore, the complaint should be dismissed.

## IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge accept the proposed findings; **DISMISS** the complaint, (ECF No. 2); and **REMOVE** this matter from the docket of the Court. In light of the recommendation for dismissal, the undersigned further **RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, as moot. (ECF No. 1).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby

**FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** May 11, 2023

Cheryl A. Eifert
United States Magistrate Judge