IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NATASHA HOWE,

          Plaintiff,

v.                                CIVIL ACTION NO.  3:23-cv-00237

KENT BRYSON,

          Defendant.

**ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the Court dismiss the complaint and deny Plaintiff's application for prepayment of fees and costs as moot.  Proposed Findings and Recommendation (PF&R), ECF No. 6. Plaintiff timely submitted a letter-form objection to the PF&R. Objection to PF&R, ECF No. 7. The Court has undertaken a thorough review of the PF&R and the Objections, as well as pertinent material found elsewhere in the record. For the reasons below, the Court **DENIES** Petitioner's Objections (ECF No. 7) and **ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 6). Accordingly, the Court **DISMISSES** the complaint (ECF No. 2), **DENIES** Plaintiff's application to proceed without prepayment as moot (ECF No. 1), and **DISMISSES** this action.

Plaintiff filed a complaint on March 27, 2023, in which she alleged violations of 42 U.S.C. § 1983. Compl., ECF No. 2. Namely, she claims that Cabell County Assistant Prosecuting Attorney Kent Bryson covered up Child Protective Services kidnapping her children and "use[d]

his power to cloud [the judge's] mind." Compl. at 4, ECF No. 2. She also alleges that Mr. Bryson used her disability and her being a victim of a crime against her. *Id.* She claims the amount in controversy is $100,000 and asks for support with therapy, assistance moving away from the state, and relief for pain and suffering. *Id.*

Two days after Plaintiff filed her Complaint, the Magistrate Judge found that it failed to state a claim for which relief may be granted and ordered Plaintiff to amend her complaint within thirty days to cure the pleading issues therein. March Mem. Op. and Order at 2, ECF No. 5. Namely, the Magistrate Judge pointed to the following issues: 1) Plaintiff appears to bring suit regarding conduct for which Mr. Bryson is entitled to absolute immunity—that is, conduct within the scope of his prosecutorial duties, and 2) the Complaint does not contain enough facts to state a claim for relief that is plausible on its face. *Id.* at 3.

On May 11, 2023, after Plaintiff failed to amend her Complaint within the thirty-day timespan, the Magistrate Judge entered the instant PF&R. ECF No. 6. In it, the Magistrate Judge finds that Mr. Bryson, the only named defendant in the case, is entitled to absolute immunity for any action he took in his role as prosecutor. *Id.* at 5. Additionally, insofar as Plaintiff sought to assert claims based on actions taken outside of Mr. Bryson's role as prosecutor, the complaint was so lacking in factual support that it failed to state a claim. *Id.* Plaintiff timely filed a letter-form objection to the PF&R. Objection to PF&R, ECF No. 7. In it, she provides little additional detail and no details at all that suggest Mr. Bryson was acting outside his role as prosecutor during the alleged conduct. *Id.* Rather, she describes a confusing set of interactions in which Mr. Bryson allegedly acted improperly. *Id.*

The Court, therefore, finds in keeping with the PF&R. Courts need not conduct a review of factual and legal conclusions to which a party does not object, *Thomas v. Arn*, 474 U.S. 140,

150 (1985), nor are they tasked with conducting *de novo* review of "general and conclusory" objections, *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Rather, objections must raise specific errors in the PF&R. *Id.* Here, Plaintiff has raised no specific objections to the PF&R. Objection to PF&R, ECF No. 7. Instead, she seeks to provide additional details, none of which bear on the PF&R's recommendation to dismiss the complaint because the sole defendant is absolutely immune from the alleged conduct. *Id.* Moreover, even with these additional details, the Court would still find the Complaint to be so lacking in factual support that it fails to state a plausible claim.

The Court, therefore, **DENIES** Petitioner's Objections (ECF No. 7) and **ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 6). The Court **DISMISSES** the complaint (ECF No. 2), **DENIES** Plaintiff's application to proceed without prepayment as moot (ECF No. 1), and **DISMISSES** this action.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

        ENTER:    August 18, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE